ROBERT LEE WILLIAMSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williamson v. Commissioner
Docket No. 18399-92
United States Tax Court
T.C. Memo 1994-368; 1994 Tax Ct. Memo LEXIS 374; 68 T.C.M. (CCH) 316; August 2, 1994, Filed *374 Decision will be entered for respondent. Robert Lee Williamson, pro se. For respondent: Scott Anderson. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for 1987: Additions to Tax Section Section Section
Deficiency
[1] 6653(b)(1)(A) 6653(b)(1)(B)
6661 $ 6,128
$ 4,596 *
$ 1,532
* 50 percent of the interest due on the portion of the
underpayment attributable to fraud. Respondent determined that
the entire underpayment was due to fraud.
As an alternative to the additions to tax for fraud under section 6653(b), respondent determined that petitioner is liable for the additions to tax for negligence under section 6653(a)(1)(A) and (B). The issues for decision are: (1) Did petitioner understate *375 his taxable income for 1987? We hold that he did. (2) Is petitioner liable for the additions to tax for fraud for 1987? We hold that he is. [2]
(3) Is petitioner liable for the addition to tax for a substantial understatement of income tax for 1987? We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Richmond, Virginia, at the time the petition was filed. On or before April 15, 1988, petitioner, who was married to Laureen Williamson (Mrs. Williamson), timely filed an individual Federal income tax return (return) for 1987. On June 8, 1988, petitioner filed an amended individual Federal income tax return (amended return) for 1987 in which he included an additional $ 544.66 of taxable income that he had failed to include in his 1987 return. Petitioner never filed joint Federal *376 income tax returns with Mrs. Williamson because he did not want to involve her in his gambling activities. Petitioner was employed during 1987 as a cook in a restaurant known as the Third Street Diner that was located in Richmond, Virginia. The restaurant was owned by a corporation called the 218 East Main Street Corp. Petitioner and Mrs. Williamson each owned a one-fourth interest in the building in which the Third Street Diner was located. As of 1987, petitioner had been involved in an illegal bookmaking operation "off and on" for approximately eight to ten years. During 1987, petitioner and Abe Rosenbaum (Rosenbaum) operated an illegal sports bookmaking business from a condominium owned by petitioner that was located at 2420 Maplewood Avenue in Richmond (condominium). Rosenbaum's interest in that bookmaking business was limited. Thus, during 1987, petitioner took bets from approximately five to seven of Rosenbaum's old customers and split the amount they made on those customers on a 50-50 basis. Petitioner used two telephones located in the condominium for the purpose of taking bets in his bookmaking operation. When the Richmond Police Department (Richmond police) searched *377 the condominium in or about April 1988, they seized records indicating that petitioner had taken bets totaling approximately $ 24,500 over a three-day period. An investigation of petitioner's bookmaking business was conducted by the Richmond police, the Federal Bureau of Investigation, and the Internal Revenue Service through a grand jury appointed by the Circuit Court for the City of Richmond. Petitioner was indicted in 1989 for conducting a bookmaking operation and for filing a false 1987 Federal income tax return in violation of section 7206(1). [3] Petitioner pled guilty to the indictment. On July 24, 1989, he was sentenced to serve 16 months in prison. Petitioner kept no records of the income he received or the expenses he incurred in the bookmaking business. However, he did keep records of at least some of the bets he received in 1987 *378 so that he could share the profits and losses with Rosenbaum. Petitioner discarded those records after he had settled with Rosenbaum. Petitioner reported none of the income he received or the expenses he incurred in the bookmaking business in his 1987 return. Petitioner incurred very little, if any, expenses in that business. Petitioner did not inform the person who prepared his 1987 return that he operated an illegal bookmaking operation. OPINION Petitioner bears the burden of proving that all of the determinations in the notice of deficiency, except those with respect to the additions to tax for fraud, are in error. Respondent has the burden of proof with respect to the additions to tax for fraud, and she must satisfy that burden by clear and convincing evidence. Sec. 7454(a); Rule 142(a) and (b). Petitioner kept no records of the income he received or the expenses he incurred in the bookmaking business. Under these circumstances, respondent reconstructed petitioner's income for 1987 by using the so-called cash expenditures method. The use of that method has been authorized by the Supreme Court of the United States. . *379 Using the cash expenditures method, respondent determined that petitioner had unreported income for 1987 of $ 24,663. The cash expenditures method is based upon the assumption that the amount by which a taxpayer's cash expenditures during a taxable period exceed his known sources of income for that period is taxable income unless the taxpayer can show that his expenditures were made from some nontaxable sources of income. ; . The burden of proof is on petitioner to demonstrate that the deficiency for 1987 determined by use of the cash expenditures method is not correct. ; ; Rule 142(a). In order to meet that burden, petitioner must demonstrate either that someone else made the expenditures or that the funds used were obtained from nontaxable sources such as loans, gifts, inheritances, or assets on hand at the beginning of the taxable period. ; *380 . In order to show that respondent's determination of the amount of his unreported income for 1987 is erroneous, petitioner relies on his general testimony that respondent's reconstruction of his income for 1987 is "just totally incorrect" and his testimony which we find vague that certain of his wife's items were erroneously included in that reconstruction. Such testimony is not adequate to sustain petitioner's burden of proof. Petitioner also asserted during his testimony that he had savings and an inheritance that accounted for his ability to make expenditures, including his purchase of stock during 1987 for approximately $ 13,213, in amounts that were in excess of the gross income he reported in his 1987 returns (namely, $ 11,654.20 reported in his 1987 return and $ 12,198.86 reported in his 1987 amended return). We find petitioner's testimony to be highly questionable. He offered no documentary or other corroborative evidence to support his assertion. Nor did petitioner specify during his testimony the amount or source of the savings and inheritance that he claimed he had in 1987. He did not indicate *381 where he kept the claimed savings and inheritance (e.g., whether he deposited them into interest-bearing accounts). In this regard, it is noteworthy that he reported in his return only $ 79.67 in interest income for 1987. We are not required to, and do not, accept petitioner's self-serving, uncorroborated, and questionable testimony that he had savings and an inheritance that enabled him to make expenditures in excess of the income he reported for 1987. See ; . Petitioner offered no other evidence as to a nontaxable source for his stock purchase or any other expenditure included by respondent in her reconstruction of petitioner's 1987 income. Although admitting that he had income for 1987 from the bookmaking business that he did not report in his return for that year, petitioner claims that he considered his bookmaking and other gambling activities to be a hobby and that, in any event, he had gambling losses that offset the unreported income for 1987 from his bookmaking operation. [4] Petitioner presented no documentary *382 or other corroborative evidence to support that claim. Nor was he specific during his testimony as to what particular losses he incurred during 1987 as a result of his gambling activities. On the instant record, we find that petitioner failed to carry his burden of showing that the deficiency determined by respondent is erroneous. Accordingly, we sustain respondent's deficiency determination for 1987. Petitioner adduced no evidence and makes no argument with respect to the addition to tax under section 6661 other than his general claims that he viewed his gambling as a hobby, that his gambling losses offset his gambling income for 1987, and that he had savings and an inheritance that accounted for his ability to make expenditures during 1987 in excess of his reported income for that year. On the present record, *383 we find that petitioner failed to sustain his burden of proving that the determination by respondent with respect to that addition is incorrect. We therefore sustain respondent's determination under section 6661. To establish fraud, respondent must prove by clear and convincing evidence that (1) an underpayment exists for 1987, and (2) petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. , affg. ; . In order to prove an underpayment, respondent is not required to establish the precise amount of the deficiency determined by her. , affd. ; . However, she cannot discharge her burden by simply relying on the taxpayer's failure to prove error in her determination of the deficiency. *384 ; If respondent establishes that any portion of an underpayment for 1987 is attributable to fraud, the entire underpayment is to be treated as attributable to fraud, except with respect to any portion of the underpayment that petitioner establishes is not attributable to fraud. Sec. 6653(b)(2). Petitioner stipulated that none of the income he received in 1987 from the bookmaking business was reported in his 1987 return, [5] although the record does not disclose the amount of such unreported income. [6] Thus, respondent has established through petitioner's stipulation that petitioner had income in excess of that reported in his 1987 return. *385 Once respondent has established receipts in excess of those reported in a taxpayer's return, the taxpayer bears the burden of coming forward with evidence of costs, expenses, or other factors that would lessen his tax liability. ; . Petitioner failed to come forward with adequate evidence establishing his entitlement to deductions or similar items, such as gambling losses, that would eliminate the underpayment of tax for 1987 attributable to his admitted failure to report any income he received during that year from his bookmaking business. Consequently, on the present record, respondent has established by clear and convincing evidence that an underpayment exists for 1987. Respondent has also established by clear and convincing evidence petitioner's fraudulent intent to evade tax for 1987. The record shows various indicia of fraudulent intent on the part of petitioner, including (1) his participation in an illegal bookmaking business, , *386 affg. ; (2) his willfully and fraudulently subscribing to a false income tax return for 1987, ; (3) his failure to report for 1987 the income he received from his illegal bookmaking business, see , affd. ; (4) his lack of any records of the income or expenses of that business, ; (5) his failure to disclose to his income tax preparer that he received income from that business, , ; (6) his discarding evidence of his receipts from that business, . On the instant record, we find that respondent has satisfied her burden of proof with respect to the additions to tax for fraud for 1987. Consequently, that determination is sustained. To reflect the *387 foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In light of our holding relating to the additions to tax for fraud, we do not address respondent's alternative contention relating to the additions to tax for negligence.↩
3. The parties' stipulation of facts erroneously, and we assume inadvertently, referred to sec. 7602(1) as the provision relating to the filing of false income tax returns.↩
4. Petitioner's testimony that for 1987 he had gambling losses that offset his gambling income seems inconsistent with his testimony that he did not know whether he had profits from his gambling activities.↩
5. Petitioner also admitted that he made expenditures in excess of the gross income he reported for 1987, although the total amount of those expenditures is not established in the record and petitioner makes a claim, which we do not accept, that the source for those expenditures was savings and an inheritance.↩
6. Petitioner testified that it would not have been unreasonable for him to have taken bets totaling about $ 24,500 over a three-day period that would have covered a sporting event such as the NCAA basketball final game. In fact, in April 1988, when the Richmond police searched the condominium out of which petitioner operated his illegal sports bookmaking business during 1987, they seized records indicating that petitioner had taken bets totaling approximately $ 24,500 over a three-day period that he testified covered the NCAA basketball final game.↩